## Appeal of Sharon Athletic Club

*George Mashank,* for appellant.

*John M. Walker,* Deputy Attorney General, for Commonwealth.

McLaughry, P. J., October 31, 1934.—On June 1, 1934, the Sharon Athletic Club, the appellant in this case, made an application to the Liquor Control Board for the issuance of a club liquor license for premises no. 116 East State Street, Sharon, Mercer County, Pa. This application was refused by the Liquor Control Board. The original application was offered in evidence at the hearing, and the appellant, in support of the allegation that the applicant was entitled to a club liquor license, called three witnesses.

It is apparent from the record before us that on January 20, 1934, the Sharon Athletic Association made an application for a club liquor license at no. 116 East State Street, Sharon, and that this application was refused by the Liquor Control Board on April 13, 1934. This application was put in evidence at the hearing as Commonwealth Exhibit no. 1. A short time thereafter the Sharon Athletic Club, occupying the same premises and composed of the same individuals as members, made an application for a club liquor license. It is clear from the evidence presented that the Sharon Athletic Association and the Sharon Athletic Club both claim occupancy of the same premises under an oral lease with the same person, and covering the same period of time. Mr. Merrick, one of the witnesses, identified Commonwealth Exhibit no. 2 as the minute book of the Sharon Athletic Club, which was offered in evidence. From these minutes it is obvious that the application for a club liquor license made under

the name of the Sharon Athletic Association was the action of the same individuals who made application under the name of the Sharon Athletic Club.

The Liquor Control Board takes the position that if a license were granted to the Sharon Athletic Club the members of the Sharon Athletic Association would be in a position to have the full benefit of the liquor license, because both have verbal leases for the premises for which the license would be granted, and that such joint relationship was never contemplated by the act.

Article IV of the Liquor Control Act of November 29, 1933, P. L. 15, deals with licenses and permits, and section 403 reads as follows: "Issuance of Hotel, Restaurant and Club Liquor Licenses.—Upon receipt of the application, the proper fees, and bond, and upon being satisfied of the truth of the statements in the application, and that the applicant seeks a license for a hotel, restaurant or club as defined in this act, the board shall grant and issue to the applicant a license entitling him to purchase liquor from a Pennsylvania Liquor Store, and, in that part of the hotel, restaurant or club set out in the license, to sell, by open bottle, glass, or other container, or in any mixture, the liquor so purchased, and also malt liquor, to the patrons, guests or members for consumption in that part of the hotel or restaurant habitually used for the serving of meals to patrons, guests or members, or in private rooms of the building, as hereinafter provided, and in accordance with the provisions of this act and the regulations made thereunder."

Clause (a) of section 3 of the act reads as follows: "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth, and to prohibit forever the open saloon; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose."

It is apparent from a study of the act that it was the intention of the legislature to vest in the Liquor Control Board a discretionary power to examine all applications filed with it for liquor licenses and, if the applicant is not qualified, to refuse the application. The appeal which was filed in this case alleges that the applicant was injured by the action of the board. The only allegation in the petition of the failure of the control board to perform any legal duty is as follows:

"That the said Pennsylvania Control Board refused to issue a club liquor license to the Sharon Athletic Club, Sharon, Pennsylvania, as the said board is required to do according to law."

We think the Liquor Control Board was acting within its discretionary power, and there is nothing before the court nor in the pleadings filed that would show that the board in refusing this application abused the discretionary power vested in it by the legislature. The prayer of the petitioner to issue a club license to the Sharon Athletic Club is therefore refused.

### Order

And now October 31, 1934, this matter came on to be heard on an appeal, and testimony was taken and argued by counsel; whereupon, after due consideration, the refusal of the Liquor Control Board is confirmed, and the appeal of the Sharon Athletic Club is dismissed at the cost of the applicant.